**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carolyn Spencer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 3962 |
| | ) | |
| Allied Interstate, Inc., a Minnesota corporation, and LVNV Funding, LLC, a Delaware limited liability company | ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Carolyn Spencer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, B) Defendants resides and transacts business here.

### PARTIES

3.     Plaintiff, Carolyn Spencer ("Spencer"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt owed for a Washington Mutual credit card ("WaMu"), which was then allegedly owed to a bad debt buyer, LVNV Funding, despite the fact that she was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Allied was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Allied is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant Allied conducts extensive and substantial business in Illinois.

6.      Defendant Allied is licensed as a debt collection agency in the State of Illinois.  See, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant Allied acts as a collection agency in Illinois.

7.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.  In fact, Defendant LVNV conducts extensive and substantial business in Illinois.

2

8.    Defendant LVNV is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit C.  In fact, Defendant LVNV conducts extensive and substantial business in Illinois and has a call/collection center located in Illinois.

9.    Defendant LVNV is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D.  In fact, Defendant LVNV acts as a collection agency in Illinois.

10.    Defendant LVNV is a bad debt buyer, that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Allied.

## FACTUAL ALLEGATIONS

11.    Ms. Spencer is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a WaMu account.  At some point in time, Defendant LVNV bought Ms. Spencer's WaMu debt after she defaulted on it, and when Defendant LVNV began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12.    Specifically, Defendant LVNV hired another debt collection agency, Mercantile Adjustment Bureau, to demand payment of the LVNV/WaMu debt from Ms. Spencer.  Accordingly, on March 23, 2010, one of Ms. Spencer's attorneys at LASPD informed Defendant LVNV, through its agent, Mercantile Adjustment Bureau, that Ms. Spencer was represented by counsel, and directed LVNV to cease contacting her and to cease all further collection activities because Ms. Spencer was forced, by her

3

financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Nonetheless, despite being advised that Ms. Spencer was represented by counsel and refused to pay the debt, Defendant LVNV had Defendant Allied send Ms. Spencer a collection letter, dated April 13, 2010, which demanded payment of the LVNV/WaMu debt. A copy of this letter is attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Spencer's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew, or readily could have known, that Ms. Spencer was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant LVNV, in writing, through its agent, that Ms. Spencer was represented by counsel, and had directed a cessation of communications with Ms. Spencer.  By sending a collection letter to Ms. Spencer, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carolyn Spencer, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Spencer, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

5

**JURY DEMAND**

Plaintiff, Carolyn Spencer, demands trial by jury.

Carolyn Spencer,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  June 25, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com